THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
FRANK McCORMICK, Appellant.

Where a defendant in a criminal action offers himself as a witness, he is subject to the same rules of examination as apply to other witnesses.
Upon trial of an indictment for murder, the defendant was called as a witness in his own behalf. Upon cross-examination, he was asked if he did not, at a time and place specified, draw a pistol upon two persons and threaten to shoot them. This was objected to, and objection overruled. *Held*, no error; that the evidence was competent as affecting the credibility of the witness.

(Argued October 17, 1892; decided October 28, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, entered upon an order made at the June term, 1892, which affirmed a judgment of the Court of General Sessions in and for the city and county of New York, entered upon a verdict convicting defendant of the crime of manslaughter in the first degree.

The following is the opinion in full:

"The defendant was indicted in the General Sessions of the city and county of New York, for murder in the first degree,

and was upon his trial convicted of manslaughter in the first degree. After the verdict and before judgment thereon he moved for a new trial which was denied. After the entry of the judgment he appealed therefrom to the General Term of the Supreme Court where his conviction was affirmed and then he appealed to this court. The appeal brings before us only questions of law raised by exceptions taken upon the trial to the rulings of the trial judge. (Code of Criminal Procedure, § 519.)

" Our attention is called to but one exception and that was taken to the ruling of the trial judge overruling defendant's objection to the following question : ' Is it not a fact that in the month of September, 1890, two months or about prior to Gillespie's death, in a saloon known as the Manhattan, in Chatham square, that you drew a pistol on two disreputable women and threatened to shoot them, and didn't Rowe the bartender draw a revolver and pointing it at you did he not say, drop that pistol or I will blow your damned brains out ? ' The defendant had been examined as a witness on his own behalf, and this question was put to him by the prosecution on his cross-examination. The defendant having made himself a witness was subject to the same rules of examination as any other witness, and the question was competent to effect his credibility. (*People* v. *Casey*, 72 N. Y. 393 ; *People* v. *Irving*, 95 id. 541.)

" The judgment should be affirmed."

*Seaman Miller* for appellant.

*Henry D. P. Stapler* for respondent.

EARL, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.